IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02396-RM-MEH

MEDESET WORKALEMAHU,

    Plaintiff,

v.

HERITAGE CLUB,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion to Compel Arbitration [filed October 29, 2014; docket #14]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. Although provided the opportunity to do so, the Plaintiff filed no opposition to the relief requested. For the reasons that follow, this Court respectfully recommends that the motion be **granted**.[1]

**I.**     **Background**

As part of an employment agreement between Plaintiff and Defendant, both parties executed

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

an arbitration agreement in February 2007. *See* Employment Binding Arbitration Agreement, docket #14-1. The arbitration agreement provides, in pertinent part:

1. As a condition of your employment here, you agree that any controversy or claim arising out of or relating to your employment relationship with us or the termination of that relationship must be submitted for final and binding resolution by a private and impartial arbitrator, to be jointly selected by you and us.

    a. Claims Covered: This agreement to submit to mediation and (if necessary) arbitration:

        i. Covers any dispute concerning the arbitrability of any such controversy or claim; and

        ii. Includes, but is not limited to, any claim that could be asserted in court or before an administrative agency or claims for which you have an alleged cause of action, including without limitation claims for breach of any contract or covenant (express or implied); tort claims; claims for discrimination (including but not limited to discrimination based on sex, pregnancy, race, 'national or ethnic origin, age, religion, creed, marital status, mental or physical disability, or medical condition or other characteristics protected by statute); claims for wrongful discharge; violations of the Family and Medical Leave Act (FMLA); violations of confidentiality or breaches of trade secrets; and/or claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance, and whether led on statute or common law; and

        iii. All those claims whether made against us, any of our parent, subsidiary, or affiliated entities, or our individual officers or directors (in an official or personal capacity).

*Id.* at 1-2.

Plaintiff, proceeding *pro se*, initiated this lawsuit on August 28, 2014, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, in the forms of race and national origin discrimination and harassment. Complaint, docket #1. Plaintiff claims she was harassed by Defendant, her employer, beginning in 2011 and was terminated from employment on November 8, 2012 on the basis of her race, African-American, and national origin, Ethiopia. *Id*. at 4. On October 29, 2014, the date its answer or other response was due to be filed, Defendant filed the

present motion seeking to compel arbitration and to stay all proceedings.[2] Docket #14. Although Defendant asserts that it conferred with the Plaintiff and learned that Plaintiff would oppose the motion, the Plaintiff filed no response and sought no extension of time within which to file a response.

## II. Discussion

### A. Arbitration

Under the Federal Arbitration Act (FAA), 9 U.S.C. § 3, a district court *must* stay or dismiss judicial proceedings when a written agreement provides that the subject of the litigation must be submitted to arbitration. "'There is a strong federal policy favoring arbitration for dispute resolution.'" *Coors Brewing Co. v. Molson Breweries,* 51 F.3d 1511, 1514 (10th Cir. 1995) (quoting *Peterson v. Shearson/American Express, Inc.,* 849 F.2d 464, 465 (10th Cir. 1988)). If there is uncertainty as to whether a claim is arbitrable, "[a]ll 'doubts are to be resolved in favor of arbitrability.'" *Id.* (quoting *Oil, Chem., & Atomic Workers Int'l Union, Local 2-124 v. American Oil Co.,* 528 F.2d 252, 254 (10th Cir. 1976)).[3]

On the other hand, arbitration is a contractual matter, and parties may not be required to submit to arbitration claims to which they have not contractually agreed to submit. *AT&T Techs., Inc. v. Commc'ns. Workers of Am.,* 475 U.S. 643, 648 (1986); *see also Coors Brewing Co.*, 51 F.3d at 1516. Only claims having "a reasonable factual connection to the contract" are arbitrable. *Coors Brewing Co.*, 51 F.3d at 1516. The question of whether the parties agreed to arbitrate is to be

---

[2] "A defendant in a pending lawsuit may file a petition or motion to compel arbitration in lieu of an answer to the complaint." *Lamkin v. Morinda Props. Weight Parcel, LLC*, 440 F. App'x 604, 607 (10th Cir. 2011).

[3] The presumption in favor of arbitration "disappears when the parties dispute the existence of a valid arbitration agreement." *Dumais v. American Golf Corp.,* 299 F.3d 1216, 1220 (10th Cir. 2002).

decided by the court. *AT&T Techs.*, 475 U.S. at 648-49.

Defendant asserts, and Plaintiff does not dispute, the existence of a valid and enforceable arbitration agreement. Likewise, Plaintiff does not contest that the claims asserted in this lawsuit are within the scope of the parties' agreement and suitable for arbitration. Upon review of the arbitration agreement and in consideration of the unrebutted arguments set forth in Defendant's motion, the Court agrees that a valid arbitration agreement exists (*see E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) ("Employment contracts, except for those covering workers engaged in transportation, are covered by the FAA")) and that Plaintiff's claims fall within its scope (*see id.* ("Absent some ambiguity in the agreement [ ] it is the language of the contract that defines the scope of disputes subject to arbitration")). Therefore, the Court recommends that the District Court compel Plaintiff to pursue her claims through arbitration.

      B.      Stay of Proceedings

When the parties have entered into an arbitration agreement, and either party requests a stay of the case pending arbitration, the Court must stay the case. 9 U.S.C. § 3. Here, Defendant has requested a stay; however, because the Tenth Circuit has construed an administrative closure to be the practical equivalent of a stay, *see Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987), this Court recommends that Defendant's request for a stay be granted or the District Court administratively close the case pending the outcome of the arbitration.

**III.**    **Conclusion**

The parties in this matter have agreed to submit to arbitration the claims raised in the Complaint, which are related to an employment dispute between the parties. Therefore, the Court respectfully recommends that Defendant's Motion to Compel Arbitration [filed October 29, 2014; docket #14] be **GRANTED**, and that this action be stayed or administratively closed pending the

conclusion of the arbitration process.

      Respectfully submitted this 31st day of December, 2014, in Denver, Colorado.

                                            BY THE COURT:

                                            Michael E. Hegarty
                                            United States Magistrate Judge